■ In the Matter of the Estate of CLAIRE STARR, Also Known as CONSUELA STARR, Deceased. JOSEPH H. SCHINDLER, Respondent; RICHARD J. KINS et al., Appellants. — Order, Surrogate's Court, New York County (Lambert, S.), entered November 17, 1980, unanimously modified, on the law, by striking the first and second ordering paragraphs which granted petitioner's claim, and otherwise affirmed, without costs. The matter is remanded for a hearing pursuant to SCPA 1808 (subd 5). Decedent Claire Starr retained petitioner, the claimant herein, as her attorney to recover money owed by her son, Malcolm Starr. The retainer agreement provided that "[i]n the event of a recovery, [petitioner] is to receive a sum equal to Fifteen Per Cent (15%) of the recovery" as against a minimum retainer of $2,500. After petitioner commenced an action in Supreme Court against Malcolm, the action was discontinued by a stipulation of settlement dated June 12, 1975 requiring Malcolm to pay Claire the sum of $129,000 in weekly installments at the rate of $9,000 per year, without interest. The stipulation further provided that in the event of Claire's death, Malcolm was to continue the weekly payments in reduction of the existing balance until it was paid in full. In July, 1975, Claire executed a will bequeathing the remainder of her estate, after payment of debts, funeral and testamentary expenses, in equal shares to her daughter Gloria Starr Kins and her son Malcolm, with a further provision that Malcolm's bequest would not be paid to him until he fully paid the moneys owed to her estate. Malcolm filed objections to the will which were withdrawn by stipulation dated June 20, 1977 in which he relinquished his legacy under the will, and the estate relinquished its claims against him. In April, 1979 petitioner filed a petition for a compulsory accounting. The executors rejected petitioner's claim and sought a hearing under SCPA 1808 (subd 5). However, the Surrogate granted petitioner's claim and ordered its payment by the executors after an informal conference at which no evidence was formally introduced, no sworn testimony was taken, and no stenographic record of the proceedings was made. SCPA 1808 (subd 5) provides: "5. Where one whose claim has been rejected by the fiduciary has petitioned for a compulsory judicial settlement of his account the fiduciary may in his answer to the petition show the condition of the estate and all facts relating to the rejection of the claim and pray for a judicial determination of the validity and enforceability of the claim as a preliminary step in the

accounting proceeding. The court may thereupon determine the claim and all the issues relating thereto and make such direction for its payment as justice shall require." The procedure by which the court determines the claim and all issues relating thereto must at the very least incorporate the rudiments of a judicial hearing, viz., the introduction of documents and other evidence, the taking of sworn testimony transcribed by a reporter and the opportunity to address legal arguments to the court. Of course, in appropriate circumstances, e.g., where there are no issues of fact, or the claimant does not show prima facie that he is a creditor, or where there is some legal impediment to his claim, there may be a summary determination of the claim. (See CPLR 3211, 3212; *Matter of Thoms,* 76 Misc 2d 132.) Such circumstances are not present in this case. Accordingly, the order entered November 17, 1980 is modified to strike the provisions granting petitioner's claim and directing payment to him of $15,732.20, plus interest, and the matter is remanded for a hearing consistent with the principles set forth herein. Concur — Kupferman, J. P., Sandler, Markewich, Lupiano and Fein, JJ.