■ In the Matter of the Estate of SANDRA S. MANGANIELLO, Deceased. JAMES MANGANIELLO et al., Respondents; JOSEPH J. TUMASIAN et al., Appellants.—Harvey, J. Appeal from an order of the Surrogate's Court of Ulster County (Traficanti, Jr., S.), entered May 23, 1991, which, inter alia, granted petitioner's motion for payment of the balance of funds due petitioner pursuant to a decree settling decedent's estate.

Sandra S. Manganiello (hereinafter decedent) died in 1986.

She was survived by a son, petitioner. Although decedent and petitioner's father, Vincent Manganiello (hereinafter Manganiello), lived together for 30 years, the couple never married. Accordingly, petitioner, born in 1970, was decedent's only heir. At the time of decedent's death she had accrued approximately $43,000 in hospital bills. Her only asset was her sole interest in a commercial building with a residential apartment upstairs where the family lived. Decedent left no will and the Ulster County Treasurer, respondent Lewis Kirschner, was subsequently named administrator of decedent's estate.

By contract of sale dated November 1989, Kirschner agreed to sell the property to respondents Joseph J. Tumasian and Mary E. Tumasian for $70,000. Thereafter, Manganiello also agreed to sell the property to the Tumasians. In addition, in February 1990, Manganiello agreed to reduce the selling price of the property by $1,250, an amount which had been loaned to him by the Tumasians. Kirschner then petitioned Surrogate's Court for approval of the proposed sale. Petitioner signed a waiver and consent, Surrogate's Court authorized the sale and the closing was held on March 19, 1990. Subsequently, Kirschner petitioned the court in early April 1990 for judicial settlement of the account. An attempt by petitioner to nullify the conveyance on various grounds was unsuccessful.

In November 1990 the Tumasians filed a claim in Surrogate's Court requesting that $5,000 of the estate be held in escrow (see, SCPA 1804) to offset losses they allegedly incurred because Manganiello and petitioner failed to timely vacate the premises. In addition, their second cause of action requested that they be paid the $1,250 allegedly owed to them from the loan to Manganiello. Thereafter, in early December 1990, Surrogate's Court settled the estate directing, inter alia, that petitioner be distributed $15,224.20, the amount of the estate remaining after all debts were paid. Petitioner then moved to compel Kirschner to distribute the balance of the funds, which Kirschner opposed because a notice of claim had been served. Surrogate's Court granted the Tumasians' motion to intervene in the proceeding and then went on to dismiss their claim for untimeliness; petitioner's motion for distribution of the balance of the estate was granted. The Tumasians now appeal the dismissal of their claim.

We affirm. It is unnecessary to explore the issue of whether the subject claim was untimely as found by Surrogate's Court because our review of the claim reveals that it was deficient on its face and should have been dismissed as a matter of law.

Neither of the two causes of action in the claim state a claim "against the deceased" (SCPA 1801 [1]; *see,* SCPA 1804 [1]). In fact, the second cause of action in the claim involves a debt allegedly solely incurred by Manganiello, who is not even a beneficiary of the estate. Accordingly, because no claim is made upon which relief can be granted *(see, Matter of Starr,* 86 AD2d 829, 830), the dismissal of the claim by Surrogate's Court must be affirmed.

Mikoll, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.